DAVID F. COTNEY AND DEBORAH COTNEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cotney v. Commissioner
Docket No. 12750-82.
United States Tax Court
T.C. Memo 1987-115; 1987 Tax Ct. Memo LEXIS 111; 53 T.C.M. (CCH) 270; T.C.M. (RIA) 87115; February 25, 1987. *111 Held: Respondent's determination sustained in the absence of evidence showing it to be incorrect. Rule 142(a). David F. Cotney, pro se. Robert W. West, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the Federal income tax of petitioners for the year 1979 in the amount of $22,126.90 and an addition to tax under section 6653(a) [1] of $1,106.34. The issues for decision are whether petitioners underreported their income for the year 1979 in the amount of $56,000 from drug sales and whether the addition to tax for negligence should be sustained. Mrs. Cotney is a party simply by reason of having filed a joint return with her husband. For convenience, our Findings of Fact and Opinion are combined. [2]
*112 At the time the petition in this case was filed, petitioners lived in Valley, Alabama. On December 22, 1979, Larry Taylor, a member of the police department of Columbus, Georgia, obtained a warrant to search a house in the city limits of Columbus which was reputed to belong to one David Price. The search warrant was obtained on the basis of information obtained by Mr. Taylor from a confidential informant to the effect that there was in the house an out-of-town supplier of drugs. When the police officers entered the house they found two individuals whom they identified as Columbus, Georgia, residents, David Price and Dennis Harrison. Both of these individuals were under the influence of drugs to the extent of being incoherent. Also present were an unknown male and female who were identified as the petitioners in this case. The police searched Mr. Cotney and found in his possession the sum of $35,000 in cash. Also found in the house, but not on the person of Mr. Cotney, was a quantity of caffeine capsules and tablets, marijuana, and other controlled substances. Mr. Cotney appeared to be under the influence of a drug thought to be marijuana but he was not then incoherent. All *113 four persons were arrested. The drugs were confiscated and sent to a laboratory for analysis. During one or more of several interviews by the arresting officer of Mr. Cotney, he admitted that the money belonged to him, and that it represented 1-week's proceeds from selling caffeine tablets and capsules as controlled substances. He further stated that he had been selling these caffeine capsules and tablets to David Price for about 4 months. At some point after the arrest but apparently while Mr. Cotney was in jail in Columbus, Georgia, a representative of the Bureau of Alcohol, Tobacco & Firearms (ATF) interviewed Mr. Cotney with respect to a possible firearms violation. Mr. Cotney was convicted of or plead guilty to some charge and served time in the Federal prison at Maxwell Air Force Base, Montgomery, Alabama. Arithmetic shows that the $56,000 of unreported income reflected in the statutory notice represents income of $3,500 per week for 16 weeks. Mr. Cotney declined to testify except as indicated in footnote 2 although he was clearly warned that a presumption of correctness is attached to the statutory notice, that the burden of proof is upon petitioners, and in the absence *114 of evidence showing respondent's determination to be incorrect, we have no alternative but to hold for respondent. All of the evidence before the Court in this case supports respondent's determination, at least circumstantially. [3] Mr. Cotney's only defense appears to be that he was not engaged in selling drugs to Mr. Price but was hiding from the ATF because of a firearms violation. However, such inferences, derived only from his questioning of the Columbus police officer and his denial in the petition, are simply not evidence which we can consider. Petitioners have the burden of proof. Rule 142. We have no choice but to hold for respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Although Mr. Cotney has the burden of proof, he declined to enter into a stipulation and declined to testify except as to his residence and to identify his 1979 income tax return and the statutory notice.↩
3. The evidence in the record sufficiently links Mr. Cotney to trafficking in a controlled substance.↩